**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

|  |  |  |
|---|---|---|
| | : | |
| **DAVID CLEAVES,** | : | |
| **Petitioner,** | : | |
| **v.** | : | **CIVIL ACTION** |
| | : | |
| **LOUIS FOLINIO,** *et al.*, | : | **NO. 10-7263** |
| **Respondents.** | : | |
| | : | |

**MEMORANDUM OPINION**

**RUFE, J.**                                                                        **September 28, 2012**

On December 13, 2002, a jury sitting in the Chester County Court of Common Pleas,

found Petitioner, David Cleaves, guilty of rape and related offenses for sexually assaulting a

woman who was staying with Petitioner and his wife in their apartment.  After raising several

claims on direct appeal and in post-conviction relief proceedings, Petitioner filed a *pro se* federal

habeas petition before the Court, raising only one claim of constitutional error: that trial counsel

was ineffective for stipulating to the admissibility and content of the testimony of Howard Go,

the Commonwealth's expert witness.  Specifically, trial counsel stipulated that Mr. Go was

qualified to present his opinion as an expert and that it was Mr. Go's opinion that a clump of hair

found in Petitioner's apartment belonged to the victim and had been forcibly removed from her

head.

Magistrate Judge Arnold C. Rapoport issued a Report and Recommendation ("R&R")

that the Petition be dismissed without an evidentiary hearing and that no certificate of

appealability be issued.  Petitioner's Objections to the R&R are now before the Court.  In his

Objections, Petitioner takes issue with Magistrate Judge Rapoport's conclusion that the Superior

Court's adjudication of the claim was not contrary to or an unreasonable application of the

ineffective assistance of counsel standard as stated in Strickland v. Washington.[1]  According to

Petitioner, the Superior Court's analysis was an unreasonable application of the law because it

"erroneously focus[ed] on whether counsel's deficient performance altered the outcome [of the

proceedings] instead of determining whether it rendered the result unreliable or fundamentally

unfair."[2]

Petitioner also objects to the Magistrate Judge's finding that the state court reasonably

concluded that the ineffective assistance claim was meritless,[3] and disagrees that trial counsel had

a "strategic basis" for stipulating to the testimony.[4]  Petitioner submits that Magistrate Judge

Rapoport "mechanically applie[d] Strickland's strong presumption that counsel's conduct falls

within the wide range of professional assistance."[5]  Lastly, Petitioner asserts that Judge Rapoport

erred in relying upon the documents attached to Respondents' brief in opposition to the Petition

rather than reviewing the official state court record in his case.[6]

The Court addresses this last objection first.   A federal district court reviewing the

decision of a state court presumes the factual findings of the state court to be correct absent clear

---

[1]  466 U.S. 668, 687 (1984).

[2]  Objections at 3.

[3]  Id. at 4.

[4]  Id. at 4-5.

[5]  Id. at 5.

[6]  Id. at 7-9.

and convincing evidence to the contrary even in the absence of a state court record.[7]  Here, while

Petitioner submits that the documents upon which Magistrate Judge Rapoport relied were

inaccurate, this assertion is based on Petitioner's disagreement with the characterization of the

facts contained in the record and the reasonableness of the state court's conclusion, not the

accuracy of the record itself.  Petitioner has not presented any evidence which contradicts the

relevant facts as stated by the state court in its opinion; his dissatisfaction with the state court's

characterization of the record is not sufficient to support a finding that the unavilability of the

official record precludes a review of the merits of his Petition.[8]  Accordingly, the Court finds that

review of the official state court record is not essential for the disposition of Petitioner's claim,

and therefore, that the Magistrate Judge's reliance on the documents attached to the response is

not a basis to sustain Petitioner's objections.

Petitioner's remaining objections all concern the merits of the Petition itself.  The Court,

however, finds that the R&R's explanation of the applicable legal standard is accurate and the

application of that law to the facts of this case was correct.  Although Petitioner disagrees with

trial counsel's decision to stipulate to the testimony of Mr. Go, counsel's strategic decision is

entitled to a presumption of reasonableness.[9]  Here, trial counsel chose to stipulate to what he

considered to be devastating evidence in an attempt to minimize the effect of such evidence.  As

---

[7] See 28 U.S.C. § 2254(e)(1); Simon v. Weneroeicz, No. 10-4442, 2011 WL 6099549, at *2 n.4 (E.D. Pa. Dec. 8, 2011).

[8] Because of state court proceedings, the official state court record is unavailable for federal review. However, Respondents have submitted what they represent to be true and correct copies of the official state court record and Petitioner has not introduced evidence that these documents are not accurate.  Accordingly, the Court considers these records in addressing the merits of the Petition.

[9] Strickland, 466 U.S. at 689.

the Superior Court recognized, the stipulation was not a *de facto* admission of guilt and

Petitioner has not demonstrated that the decision to stipulate to the testimony was unreasonable

or that he faced a reasonable probability of acquittal in the absence of such stipulation.  The R&R

found that this conclusion was not contrary to or an unreasonable application of clearly

established law and this Court agrees.

An appropriate Order follows.